Ryan Woodson
1927 Harbor Blvd., #702
Costa Mesa, CA 92627
Tel.: (657) 382-8162
Email: rwcalif@gmail.com

Plaintiff *in pro per*

FILED
CLERK, U.S. DISTRICT COURT
06/24/2025
CENTRAL DISTRICT OF CALIFORNIA
BY DVE DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

IFP Submitted

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

RYAN WOODSON, an individual,

Plaintiff,

v.

L.A. WILSHIRE CORP., DBA THE SUITES AT FLAMINGO; and DOES 1 through 20, inclusive,

Defendants.

Case No. 8:25-cv-01373-JVS-(JDEx)

**PLAINTIFF RYAN WOODSON'S COMPLAINT AGAINST DEFENDANT L.A. WILSHIRE CORP., DBA THE SUITES AT FLAMINGO**

1. FRAUD
2. BREACH OF CONTRACT
3. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
4. NEGLIGENCE
5. NEGLIGENT MISREPRESENATION
6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## 1. PARTIES

2. Plaintiff Ryan Woodson, an individual ("PLAINTIFF"), is and at all times relevant to this action was, a resident of Orange County, California.

3. Defendant L.A. WILSHIRE CORP., DBA THE SUITES ATFLAMINGO ("THE SUITES," "SUITES," or "DEFENDANT") is and at all times relevant to this action was a corporation doing business in Las Vegas, Clark County, Nevada.

4. PLAINTIFF is presently unaware of the true identities and capacities of the Defendant sued

herein by the fictitious names DOES 1 through 20, inclusive. PLAINTIFF is informed and believes and based thereon alleges that each such fictitiously named DOE Defendant is legally liable to him for their acts, omissions, and for their involvement in the events and transactions on which this action is based. PLAINTIFF will amend this Complaint when he ascertains the true names and capacities of the fictitiously named DOE Defendant.

**JURISDICTION**

5. Court is the proper jurisdiction because the events that form the basis of PLAINTIFF's Complaint occurred in Las Vegas, Clark County, Nevada, PLAINTIFF is a resident of California, and DEFENDANT is a Nevada limited liability company.

**FACTUAL ALLEGATIONS**

6. In or about April 2023, PLAINTIFF rented a room at THE SUITES located at 4865 Boulder Highway, Las. Nevada 89121 and stayed several months. PLAINTIFF and THE SUITES entered into a written contract in which PLAINTIFF agreed to pay $325.00 a week in exchange for THE SUITES providing, inter alia, a secure and habitable room, adequate security, and refrain from placing PLAINTIFF'S life, health, security, and property at risk.

7. During his stay at THE SUITES, PLAINTIFF complained to the office about a group of tenants in the adjacent building who he believed were part of a group he had reported multiple times to the police and sued and were trying to cause PLAINTIFF harm in retaliation by harassing him, threatening him, and trying to frame him for a crime. PLAINTIFF requested that DEFENDANT evict this group of tenants because of their illegal actions, but DEFENDANT refused to evict them.

8. Subsequently, one male from the group that PLAINTIFF requested DEFENDANT to evict physically assaulted PLAINTIFF and caused him physical and mental injuries and damages. When PLAINTIFF complained to DEFENDANT'S security, they refused to call the police to have him arrested despite PLAINTIFF'S request that they call the police because he did not have a cell phone and PLAINTIFF'S room did not have a phone. DEFENDANT then continued to refuse to evict this individual or the group he was staying with.

9. Afterward, PLAINTIFF discovered that this individual was arrested in Las Vegas about two weeks after this incident for murder. PLAINTIFF also believes that this individual is related to the owners or managers of DEFENDANT.

10. Furthermore, DEFENDANT intentionally placed me in a room surrounded by more people associated with the group PLAINTIFF had made numerous police reports and filed lawsuits against and other tenants and employees who lived in that building and area to try framing PLAINTIFF for a crime in retaliation for the police reports and lawsuits.

11. PLAINTIFF was subjected to repeated stalking, harassment, threats, and assaults nearly every time he left the room monitored by these perpetrators.

12. DEFENDANT'S contractual obligations in its written contract with PLAINTIFF and duties to exercise reasonable care included but were not limited to providing PLAINTIFF with a habitable property and room; properly screen applications by prospective tenants and hotel guests; not interfere with PLAINTIFF'S use and peaceful enjoyment of the property and room; provide adequate security; properly and reasonably investigate PLAINTIFF'S complaints about tenants' wrongful and illegal activities; properly supervise tenants' activities and take appropriate action; refrain from placing PLAINTIFF around tenants seeking to cause him harm or frame him for a crime retaliating against PLAINTIFF by attempting to frame PLAINTIFF for a crime; refrain from intentionally inflicting severe emotional distress on PLAINTIFF; not place people around his hotel rooms who he has sued or made police reports against; evicting tenants who PLAINTIFF filed complaints against for improper or illegal activities; refrain from permitting a tenant to assault PLAINTIFF who would later become convicted for murder.

13. The written contract also included an implied covenant of good faith and fair dealing. DEFENDANT also had a duty to exercise reasonable care and refrain from causing PLAINTIFF damages by acting negligently or fraudulently. The written contract also included an attorney's fees clause that entitled the prevailing party to recover their attorney's fees in an action regarding the contract.

14. DEFENDANT breached its contractual obligations and duties to exercise reasonable care by failing to: provide PLAINTIFF with a habitable property and room; properly screen applications by prospective tenants and hotel guests; not interfere with PLAINTIFF’S use and peaceful enjoyment of the property and room; provide adequate security; properly and reasonably investigate PLAINTIFF’S complaints about tenants’ wrongful and illegal activities; properly supervise tenants’ activities and take appropriate action; refrain from placing PLAINTIFF around tenants seeking to cause him harm or frame him for a crime retaliating against PLAINTIFF by attempting to frame PLAINTIFF for a crime; refrain from intentionally inflicting severe emotional distress on PLAINTIFF; not place people around his hotel rooms who he has sued or made police reports against; evicting tenants who PLAINTIFF filed complaints against for improper or illegal activities; refrain from permitting a tenant to assault PLAINTIFF who would later become convicted for murder.

15. In April 2023 in telephone communications, written documentation and communications, and in person meetings at THE SUITES office and property grounds, DEFENDANT also fraudulently misrepresented and fraudulently concealed that it was intentionally failing to: provide PLAINTIFF with a habitable property and room; properly screen applications by prospective tenants and hotel guests; not interfere with PLAINTIFF’S use and peaceful enjoyment of the property and room; provide adequate security; properly and reasonably investigate PLAINTIFF’S complaints about tenants’ wrongful and illegal activities; properly supervise tenants’ activities and take appropriate action; refrain from placing PLAINTIFF around tenants seeking to cause him harm or frame him for a crime retaliating against PLAINTIFF by attempting to frame PLAINTIFF for a crime; refrain from intentionally inflicting severe emotional distress on PLAINTIFF; not place people around his hotel rooms who he has sued or made police reports against; evicting tenants who PLAINTIFF filed complaints against for improper or illegal activities; and, refrain from permitting a tenant to assault PLAINTIFF who would shortly thereafter be convicted for murder. This group continually followed, harassed, and stalked PLAINTIFF in an attempt to prevent the lawsuit from

proceeding.

16. DEFENDANT and its managers, employees, or agents made all of these false statements and fraudulent concealments to PLAINTIFF, knew that the fraudulent statements representations him were false when they were made, they intended that PLAINTIFF rely on the fraudulent representations and fraudulent concealments, PLAINTIFF reasonably and justifiably relied on the fraudulent representations, PLAINTIFF suffered substantial harm, and PLAINTIFF's reliance on the fraudulent representations was a substantial factor in causing him substantial harm.

17. THE SUITES caused PLAINTIFF damages by breaching the contract, acting negligently and fraudulently, and intentionally inflicting emotional distress by intentionally participating in the unlawful frame job attempts, failing to provide security, hire, train, or supervise employees, and placing PLAINTIFF'S life, security, and property at risk.

18. Despite the exercise of reasonable diligence, PLAINTIFF did not discover the facts underlying his causes of action until after his tenancies at the properties and the MBPD unlawful detainment.

19. PLAINTIFF's damages include, but are not limited to, general and compensatory damages, punitive damages, damages to PLAINTIFF's body and physical health, attorneys' fees, fees and costs, and severe emotional distress that includes PLAINTIFF's mental suffering, mental anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame that an ordinary, reasonable person would be unable to cope with it.

20. Based on the allegations herein, there is clear and convincing evidence that Defendant's conduct constitutes oppression, fraud, and malice toward Plaintiff that would entitle him to recover punitive damages in addition to the actual damages. Defendant's conduct amounts to malice because they intended to cause injury to plaintiff, and it was despicable conduct with a willful and conscious disregard of the rights or safety of others; their actions are oppression because it is despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights and it is base, vile, or contemptible.

21. PLAINTIFF's damages for Defendant's torts substantially exceeds his economic damages for Defendant's breaches of contract.

**FIRST CAUSE OF ACTION – FRAUD**

**(Against DEFENDANT)**

22. PLAINTIFF repleads, realleges, and hereby incorporates by reference each and every previously alleged paragraph in this Complaint as though fully set forth at length again.

23. In multiple verbal communications, in person at THE SUITES, by phone, emails, and texts during PLAINTIFF'S April 2023 communications with DEFENDANT regarding leasing a suite and throughout PLAINTIFF'S time at THE SUITES, DEFENDANT and their managers, employees, or agents DEFENDANT also fraudulently misrepresented and fraudulently concealed that it was intentionally failing to: provide PLAINTIFF with a habitable property and room; properly screen applications by prospective tenants and hotel guests; not interfere with PLAINTIFF'S use and peaceful enjoyment of the property and room; provide adequate security; properly and reasonably investigate PLAINTIFF'S complaints about tenants' wrongful and illegal activities; properly supervise tenants' activities and take appropriate action; refrain from placing PLAINTIFF around tenants seeking to cause him harm or frame him for a crime retaliating against PLAINTIFF by attempting to frame PLAINTIFF for a crime; refrain from intentionally inflicting severe emotional distress on PLAINTIFF; not place people around his hotel rooms who he has sued or made police reports against; evicting tenants who PLAINTIFF filed complaints against for improper or illegal activities; and, refrain from permitting a tenant to assault PLAINTIFF who would shortly thereafter be convicted for murder.

24. DEFENDANT and its managers, employees, or agents made all of these false statements and fraudulent concealments to PLAINTIFF, knew that the fraudulent statements representations him were false when they were made, they intended that PLAINTIFF rely on the fraudulent representations and fraudulent concealments, PLAINTIFF reasonably and

justifiably relied on the fraudulent representations, PLAINTIFF suffered substantial harm, and PLAINTIFF's reliance on the fraudulent representations was a substantial factor in causing him substantial harm.

25. PLAINTIFF justifiably relied on Defendant's fraudulent misrepresentations and concealments because it is the owner landlord and management company of the large Las Vegas property THE SUITES, it knew all of the facts regarding the property, PLAINTIFF had no reason to disbelieve their statements because he was not aware of any of their prior misrepresentations, and DEFENDANT appeared to be a successful business.

26. PLAINTIFF's damages for these Defendant's fraud substantially exceeds his economic losses under the contracts.

**SECOND CAUSE OF ACTION – BREACH OF CONTRACT**

**(Against DEFENDANT)**

27. PLAINTIFF repleads, realleges, and hereby incorporates by reference each and every previously alleged paragraph in this Complaint as though fully set forth at length again.

28. PLAINTIFF entered into written contracts with DEFENDANT, as alleged herein. PLAINTIFF fully performed his obligations under the contracts by paying the deposit, weekly rent, and other fees.

29. DEFENDANT'S obligations under the written contracts were either included in the lease contract, included under a similar contractual clause, implied warranties such as habitability and use and peaceful enjoyment, or are being pled through their legal effect.

30. DEFENDANT'S contractual obligations and duties to exercise reasonable care included but were not limited to providing PLAINTIFF with a habitable property and room; properly screen applications by prospective tenants and hotel guests; not interfere with PLAINTIFF'S use and peaceful enjoyment of the property and room; provide adequate security; properly and reasonably investigate PLAINTIFF'S complaints about tenants' wrongful and illegal activities; properly

supervise tenants' activities and take appropriate action; refrain from placing PLAINTIFF around tenants seeking to cause him harm or frame him for a crime retaliating against PLAINTIFF by attempting to frame PLAINTIFF for a crime; refrain from intentionally inflicting severe emotional distress on PLAINTIFF; not place people around his hotel rooms who he has sued or made police reports against; evicting tenants who PLAINTIFF filed complaints against for improper or illegal activities; refrain from permitting a tenant to assault PLAINTIFF who would later become convicted for murder.

31. The written contract also included an implied covenant of good faith and fair dealing. DEFENDANT also had a duty to exercise reasonable care and refrain from causing PLAINTIFF damages by acting negligently or fraudulently.

32. DEFENDANT breached its contractual obligations and duties to exercise reasonable care by failing to: provide PLAINTIFF with a habitable property and room; properly screen applications by prospective tenants and hotel guests; not interfere with PLAINTIFF'S use and peaceful enjoyment of the property and room; provide adequate security; properly and reasonably investigate PLAINTIFF'S complaints about tenants' wrongful and illegal activities; properly supervise tenants' activities and take appropriate action; refrain from placing PLAINTIFF around tenants seeking to cause him harm or frame him for a crime retaliating against PLAINTIFF by attempting to frame PLAINTIFF for a crime; refrain from intentionally inflicting severe emotional distress on PLAINTIFF; not place people around his hotel rooms who he has sued or made police reports against; evicting tenants who PLAINTIFF filed complaints against for improper or illegal activities; refrain from permitting a tenant to assault PLAINTIFF who would later become convicted for murder, among other breaches.

33. DEFENDANT'S material breaches caused PLAINTIFF substantial damages.

**THIRD CAUSE OF ACTION – BREACH OF THE IMLPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(Against DEFENDANT)**

34. PLAINTIFF repleads, realleges, and hereby incorporates by reference each and every previously alleged paragraph in this Complaint as though fully set forth at length again.

35. A breach of contract may be established on the basis of either an express provision of the contract or on the implied covenant of good faith and fair dealing.

36. Every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of either party to receive the benefits of the contract.

37. Under PLAINTIFF'S contract with DEFENDANT, it was under a duty to perform in good faith and fair dealing so PLAINTIFF was not deprived of the benefits of the written contracts and to refrain from any tortious conduct such as fraud in their dealings with PLAINTIFF that caused him damages and harm.

38. However, DEFENDANT breached their duty of good faith and fair dealing under the written contracts with PLAINTIFF by: In multiple verbal communications, in person, by phone, emails, and texts during PLAINTIFF'S April 2023 communications with DEFENDANT regarding leasing a suite and throughout PLAINTIFF'S time at THE SUITES, DEFENDANT and their managers, employees, or agents DEFENDANT also fraudulently misrepresented and fraudulently concealed that it was intentionally failing to: provide PLAINTIFF with a habitable property and room; properly screen applications by prospective tenants and hotel guests; not interfere with PLAINTIFF'S use and peaceful enjoyment of the property and room; provide adequate security; properly and reasonably investigate PLAINTIFF'S complaints about tenants' wrongful and illegal activities; properly supervise tenants' activities and take appropriate action; refrain from placing PLAINTIFF around tenants seeking to cause him harm or frame him for a crime retaliating against PLAINTIFF by attempting to frame PLAINTIFF for a crime; refrain from intentionally inflicting severe emotional distress on PLAINTIFF; not place people around his hotel rooms who he has sued or made police reports against; evicting tenants who PLAINTIFF filed complaints against for improper or illegal activities; and, refrain from permitting a tenant to assault PLAINTIFF who

would shortly thereafter be convicted for murder. This tortious conduct entitles PLAINTIFF to recover for DEFENDANT'S breaches of the implied covenant.

39. PLAINTIFF has fully performed all conditions, covenants and all else required of him under the contracts and complied with his duty to act in good faith and fair dealing.

40. PLAINTIFF has been damaged and harmed by DEFENDANT'S breaches of the implied covenant of good faith and fair dealing and the breaches as alleged above were a substantial factor as well as a direct and legal cause of the damages and harm suffered by PLAINTIFF.

**FOURTH CAUSE OF ACTION – NEGLIGENCE**

**(Against DEFENDANT )**

41. PLAINTIFF repleads, realleges, and hereby incorporates by reference each and every previously alleged paragraph in this Complaint as though fully set forth at length again.

42. DEFENDANT owed PLAINTIFF a duty to exercise reasonable care in connection with being a landlord to him and a motel owner and in managing and supervising its Managers, employees, agents, tenants, and providing security.

43. However, DEFENDANT breached its duty to PLAINTIFF to exercise reasonable care by, inter alia, failing to provide PLAINTIFF with a habitable property and room; properly screen applications by prospective tenants and hotel guests; not interfere with PLAINTIFF'S use and peaceful enjoyment of the property and room; provide adequate security; properly and reasonably investigate PLAINTIFF'S complaints about tenants' wrongful and illegal activities; properly supervise tenants' activities and take appropriate action; refrain from placing PLAINTIFF around tenants seeking to cause him harm or frame him for a crime retaliating against PLAINTIFF by attempting to frame PLAINTIFF for a crime; refrain from intentionally inflicting severe emotional distress on PLAINTIFF; not place people around his hotel rooms who he has sued or made police reports against; evicting tenants who PLAINTIFF filed complaints against for improper or illegal activities; and, refrain from permitting a tenant to assault PLAINTIFF who would later become convicted for murder.

44. DEFENDANT'S breaches as alleged above were a substantial factor as well as a direct and legal cause of the damages and harm suffered by PLAINTIFF.

45. PLAINTIFF's damages include, but are not limited to, general and compensatory damages, punitive damages, damages to PLAINTIFF's body and physical health, attorneys' fees, fees and costs, and severe emotional distress that includes PLAINTIFF's mental suffering, mental anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame that an ordinary, reasonable person would be unable to cope with it. PLAINTIFF's damages for

46. Defendant's negligence substantially exceeds his economic damages for Defendant's breaches of contract.

**FIFTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION**

**(Against DEFENDANT)**

47. PLAINTIFF repleads, realleges, and hereby incorporates by reference each and every previously alleged paragraph in this Complaint as though fully set forth at length again.

48. DEFENDANT owed PLAINTIFF a duty to exercise reasonable care in connection with being a landlord to him and a motel owner and in managing and supervising its Managers, employees, agents, tenants, and providing security.

49. PLAINTIFF'S time at THE SUITES, DEFENDANT and their managers, employees, or agents DEFENDANT also negligently misrepresented and negligently concealed that it was intentionally failing to: provide PLAINTIFF with a habitable property and room; properly screen applications by prospective tenants and hotel guests; not interfere with PLAINTIFF'S use and peaceful enjoyment of the property and room; provide adequate security; properly and reasonably investigate PLAINTIFF'S complaints about tenants' wrongful and illegal activities; properly supervise tenants' activities and take appropriate action; refrain from placing PLAINTIFF around tenants seeking to cause him harm or frame him for a crime retaliating against PLAINTIFF by attempting to frame PLAINTIFF for a crime; refrain from intentionally inflicting severe emotional distress on PLAINTIFF; not place people around his hotel rooms who he has sued or made police

reports against; evicting tenants who PLAINTIFF filed complaints against for improper or illegal activities; and, refrain from permitting a tenant to assault PLAINTIFF who would shortly thereafter be convicted for murder.

50. THE SUITES and its managers, employees, or agents made all of these negligent statements and negligent concealments to PLAINTIFF, knew that the misrepresentations were false when they were made, they intended that PLAINTIFF rely on the negligent representations and negligent concealments, PLAINTIFF reasonably and justifiably relied on the negligent misrepresentations, PLAINTIFF suffered substantial harm, and PLAINTIFF's reliance on the negligent misrepresentations was a substantial factor in causing him substantial harm and damages.

**SIXTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against DEFENDANT)**

51. PLAINTIFF repleads, realleges, and hereby incorporates by reference each and every previously alleged paragraph in this Complaint as though fully set forth at length again.

52. As alleged herein, DEFENDANT intentionally inflicted emotional distress on PLAINTIFF by meeting, planning, conspiring, and taking overt acts to cause him harm and damages in retaliation for his police reports and lawsuits.

53. DEFENDANT intentionally did the following to PLAINTIFF: failed to provide PLAINTIFF with a habitable property and room; properly screen applications by prospective tenants and hotel guests; not interfere with PLAINTIFF'S use and peaceful enjoyment of the property and room; provide adequate security; properly and reasonably investigate PLAINTIFF'S complaints about tenants' wrongful and illegal activities; properly supervise tenants' activities and take appropriate action; refrain from placing PLAINTIFF around tenants seeking to cause him harm or frame him for a crime retaliating against PLAINTIFF by attempting to frame PLAINTIFF for a crime; refrain from intentionally inflicting severe emotional distress on PLAINTIFF; not place people around his

hotel rooms who he has sued or made police reports against; evicting tenants who PLAINTIFF filed complaints against for improper or illegal activities; and, refrain from permitting a tenant to assault PLAINTIFF who would shortly thereafter be convicted for murder.

54. DEFENDANT'S intentional conduct was outrageous; DEFENDANT intended to cause PLAINTIFF emotional distress or they acted with reckless disregard of the probability that PLAINTIFF would suffer emotional distress; DEFENDANT knew that PLAINTIFF was present when the conduct occurred; PLAINTIFF suffered severe emotional distress; and DEFENDANT'S conduct was a substantial factor in causing PLAINTIFF's severe emotional distress.

55. PLAINTIFF's severe emotional distress includes, but is not limited to, PLAINTIFF's mental suffering, mental anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame that an ordinary, reasonable person would be unable to cope with it. PLAINTIFF's damages for these Defendant's intentional infliction of emotional distress substantially exceeds his economic damages for Defendant's breaches of contract.

**PRAYER**

**WHEREFORE**, PLAINTIFF prays for Judgment against DEFENDANT as follows:

1. That Judgment be entered in PLAINTIFF'S favor;
2. For general and special damages, punitive damages, and exemplary damages;
3. For attorneys' fees and costs of suit.
4. For all other relief the court deems proper.

DATED: June 24, 2025

Ryan Woodson
Plaintiff *in pro per*

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury.

DATED: June 24, 2025

Ryan Woodson
Plaintiff *in pro per*