**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN WOODSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>L.A. WILSHIRE CORP.,<br>DOES 1 to 20,<br><br>                    Defendants. | Case No. 8:25-cv-01373-JVS-JDE<br><br>**ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA** |

On June 24, 2025, Plaintiff filed a Complaint and Request to Proceed In Forma Pauperis.  (Dkt. Nos. 1, 6.)  Plaintiff alleges jurisdiction based on diversity of citizenship.  (Dkt. No. 6-1 at 1.)  Plaintiff, a citizen of California, brings this suit against a corporate Defendant doing business and residing in Nevada.  (Dkt. No. 6 at 1; Dkt. No. 6-1 at 1.)[1]  Plaintiff brings this suit for alleged injuries that he suffered while he was staying at a hotel suite owned by Defendant in Las Vegas, Nevada.  (Dkt. No. 6 at 2.)

A federal court may consider *sua sponte* the question of venue.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  Venue is proper in "(1) a judicial

---

[1] The official website of the Nevada Secretary of State shows that Defendant is incorporated in Nevada.

district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  Moreover, a corporate Defendant is "deemed to reside . . . in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2).

Here, Plaintiff has not established that venue is proper.  Plaintiff admits that the corporate Defendant does business and resides in Nevada.  (Dkt. No. 6 at 1; Dkt. No. 6-1 at 1.)  The corporate Defendant is incorporated in Nevada, and there is no suggestion of contacts with the Central District of California.  Moreover, no events or omissions giving rise to this action occurred in the Central District of California.  Nothing suggests a basis for venue in the Central District of California.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 496 n.4 (9th Cir. 2000) (quoting 28 U.S.C. § 1406(a)).  The Court finds that a transfer is in the interest of justice.  Thus, this action is transferred to the United States District Court for the District of Nevada.

It is so ordered.

DATED: June 30, 2025

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

2